UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE SMITH, as mother and heir at law on behalf of the heirs at law of Dominique McGeachy, deceased; and MICHELLE SMITH, as grandmother and *Plaintiff ad Litem*, on behalf of the heirs at law of J.M., a deceased minor.<br><br>　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA<br>　　　　　　　Defendant. | Case No. |

## COMPLAINT

**COMES NOW** plaintiff, above named, by and through counsel Dustin L. Van Dyk and Susan R. Gering of Palmer Law Group, LLP, and for her complaint and causes of action against Defendant, states the following:

### JURISDICTION

1.　Subject matter jurisdiction against Defendant United States of America exists pursuant to Title 28 United States Code §1346(b) (Federal Tort Claims Act).

### VENUE

2.　Pursuant to 28 U.S.C. 1402(b), this is the proper court for commencing this action because the acts or omissions alleged as negligence in this matter occurred in Kansas and Plaintiff both resides and is domiciled in Kansas.

### PARTIES

3.　Plaintiff Michelle Smith is a resident of and is domiciled in Topeka, Kansas.

4.　Plaintiff is the natural grandmother of the deceased minor child J.M., who was shot and killed by his natural father Jerel McGeachy, Sr. on April 1, 2024, in Kansas City, Missouri.

5. As more fully discussed below, Missouri substantive law is applicable to the claims made in this case.

6. At the time of his death, minor child J.M. had no living class 1 or class 2 heirs pursuant to RSMo 537.080(1)(1-2).

7. Pursuant to RSMo 537.080(1)(3) Ms. Smith has been appointed as a *Plaintiff ad Litem* on behalf of deceased minor child J.M. in Platte County, Missouri Case No. 25AE-CC00372. As such, Ms. Smith has authority to bring this action on behalf of herself and on behalf of all parties with an interest in this matter as defined by RSMo 537.095 for the wrongful death of deceased minor child J.M.

8. Plaintiff is the natural mother of Dominique McGeachy who was likewise shot and killed on April 1, 2024, in Kansas City, Missouri by Jerel McGeachy, Sr.

9. At the time of her death, Dominique McGeachy had no living class 1 heirs pursuant to RSMo 537.080(1)(1).

10. As the natural mother of Dominique McGeachy, Plaintiff Smith is a class 2 heir pursuant to RSMo 537.080(1)(2) and has authority to bring this action on behalf of herself and on behalf of all parties with an interest in this matter as defined by RSMo 537.095 for the wrongful death of Dominique McGeachy.

11. At all times relevant hereto, The United States Department of Veterans Affairs (hereinafter "VA") was a federal executive agency or department of Defendant United States of America.

12. At all times material hereto, the persons responsible for the happenings more fully described below, who are not at present specifically known to plaintiff Michelle Smith, were performing services for the VA in the course and scope of their employment and/or agency.

Defendant United States of America is liable for the actions and omissions of said persons.

## TORT CLAIM COMPLIANCE

13. On January 10, 2025, plaintiff submitted an administrative claim to the Department of Veterans' Affairs Office of General Counsel, 810 Vermont Ave, NW, Washington D.C., 20420 by sending a standard Form 95 and accompanying documents.

14. On March 12, 2025, the undersigned received confirmation of receipt of said administrative claim from the Department of Veterans' Affairs Office of General Counsel.

15. As of the date of this filing, Defendant has provided no response to Plaintiff's administrative claim.

16. More than six months has passed since the VA acknowledged receipt of Plaintiff's administrative claim.

17. As such, this Court has jurisdiction to hear this claim pursuant to 28 U.S.C. 2675.

## FACTUAL BACKGROUND

18. At all times material hereto, Jerel McGeachy Sr. and Dominique McGeachy were married. Deceased minor child J.M. was the son of Jerel McGeachy, Sr. and Dominique McGeachy.

19. At all times material hereto, Jerel McGeachy, Sr. was employed as a police officer with the VA Eastern Kansas HealthCare System in Leavenworth, Kansas.

20. At all times material hereto, Dominique McGeachy was employed as an Advanced Practice Registered Nurse ("APRN") with the VA Eastern Kansas Health Care System in Leavenworth, Kansas.

21. At all times material hereto, Dominique McGeachy and J.M. resided in Kansas City, Missouri.

22. In the months leading up to their deaths, Dominique McGeachy and J.M. had been threatened repeatedly by Jerel McGeachy, Sr.

23. On March 11, 2024, Domonique McGeachy filed *ex parte* petitions for protective orders in Platte County, Missouri Circuit Court on behalf of herself and J.M. against Jerel McGeachy, Sr. due to ongoing violence and threats. An *ex parte* order of protection was subsequently entered.

24. On March 12, 2024, at approximately 11:16 a.m. the Platte County Missouri Sherriff's Office notified VA Eastern Kansas HealthCare System police leadership that Jerel McGeachy, Sr. was the subject of an *Ex-Parte Order of Protection* naming Domonique McGeachy and J.M. as protected persons. Under the terms of the order, Jerel McGeachy, Sr. was not to harass, threaten, or contact Domonique McGeachy or J.M., nor could he be in the family home in Missouri.

25. On March 25, 2024, a *Judgment for Full Order of Protection* for J.M. was entered Platte County, Missouri against Jerel McGeachy, Sr. that found him to represent a credible threat to the safety of J.M. As a result of the Full Order of Protection, Jerel McGeachy, Sr. was ordered to stay away from the family home and J.M.'s school and to not to come within 360 feet of J.M.

26. On March 26, 2024, a hearing occurred in Platte County Court regarding the *ex parte* orders. A VA Criminal Investigator attended the hearing. The *ex parte* orders remained unchanged.

27. On March 29, 2024, Jerel McGeachy, Sr. was served with the final order of protection. The final order prohibited Jerel McGeachy, Sr. from possessing firearms and was valid for one year. VA leadership was aware of the final order immediately after it was entered.

28. VA Officials subsequently took Jerel McGeachy Sr.'s credentials and VA issued firearm, placing him in an administrative role. In this administrative role, McGeachy Sr. was not allowed to possess a firearm in accordance with the Platte Court order. McGeachy Sr.'s duty weapon was confiscated by VA personnel.

29. VA Officials failed to revoke Jerel McGeachy, Sr.'s access to the VA armory despite the Platte County order of protection.

30. At approximately 3:43 a.m. on April 1, 2024, Jerel McGeachy, Sr. accessed the armory to retrieve his VA issued duty weapon.

31. Jerel McGeachy Sr. then traveled directly to Domonique and J.M.'s home, where he shot and killed them both before turning the gun on himself.

## GOVERNING LAW

32. The aforementioned claims are governed by 28 U.S.C. 2671-2680 (hereinafter "Federal Tort Claims Act").

33. The wrongful conduct alleged in this matter occurred in Kansas while the injuries occurred in Missouri. As such, choice of law principles are invoked. Pursuant to *Richards v. U.S.*, 82 S. Ct. 585, 7 L.Ed.2d 492 (1962), the whole law, including choice of law principles, of the state of the act or omission applies.

34. The act or omission alleged as negligence in this matter, allowing Jerel McGeachy, Sr. access to the firearm, occurred in Kansas. As such, Kansas choice of law provisions apply.

35. Kansas follows *lex loci delecti* in tort cases, meaning that the substantive law of the place of *injury* controls. *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731 (1985).

36. As Domonique McGeachy and J.M. were killed in Missouri, the injury occurred in Missouri, and pursuant to *Ling,* Missouri substantive law applies to this case.

## COUNT I-WRONGFUL DEATH OF DOMINIQUE MCGEACHY

37. Plaintiff incorporates by reference the allegations in paragraphs 1-36 above.

38. Through its agents and employees, the VA had actual knowledge of Jerel McGeachy, Sr.'s dangerous propensities along with specific knowledge that he was a threat to both Dominique McGeachy and J.M.

39. Based upon this knowledge, pursuant to *Schiebel v. Hills,* 531 S.W.2d 285 (1976) and other controlling case law, the VA owed a duty to Dominique McGeachy to protect her from Jerel McGeachy, Sr. by not allowing him access to the armory and/or his duty weapon.

40. Through its agents and employees, the VA was negligent in allowing Jerel McGeachy, Sr. access to his duty weapon that was used in the killing of Dominique McGeachy and J.M.

41. Alternatively, the VA undertook a duty to Dominique McGeachy to protect her from a known danger and was negligent in its discharge of said duty.

42. The VA's negligence was the direct and proximate cause of Dominique McGeachy's death.

43. Defendant the United States of America is responsible for the negligence of the VA as the VA is a federal executive agency or department of the United States of America.

44. Plaintiff hereby makes a claim against Defendant for the wrongful death of Dominique McGeachy pursuant to RSMo 537.080 *et. seq.* Plaintiff makes this claim both individually and on behalf all persons with an interest in this matter as defined by the Missouri Wrongful Death Act.

45. Plaintiff makes a claim for all damages compensable under Missouri law, including those damages compensable pursuant to RSMo 537.090, which includes the pecuniary losses

suffered by reason of her death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of Dominque McGeachy's death. Plaintiff likewise makes a claim for those damages Dominque McGeachy suffered between the time of her injury and the time of her death.

## COUNT II-WRONGFUL DEATH OF J.M.

46. Plaintiff incorporates by reference the allegations in paragraphs 1-36 above.

47. Through its agents and employees, the VA had actual knowledge of Jerel McGeachy, Sr.'s dangerous propensities along with specific knowledge that he was a threat to both Dominique McGeachy and J.M.

48. Based upon this knowledge, pursuant to *Schiebel v. Hills,* 531 S.W.2d 285 (1976) and other controlling case law, the VA owed a duty to J.M. to protect him from Jerel McGeachy Sr. by not allowing him access to the armory and/or his duty weapon.

49. Through its agents and employees, the VA was negligent in allowing Jerel McGeachy, Sr. access to his duty weapon that was used in the killing of Dominique McGeachy and J.M.

50. Alternatively, the VA undertook a duty to J.M. to protect him from a known danger and was negligent in its discharge of said duty.

51. The VA's negligence was the direct and proximate cause of J.M.'s death.

52. Defendant the United States of America is responsible for the negligence of the VA as the VA is a federal executive agency or department of the United States of America.

53. Plaintiff hereby makes a claim against all Defendant for the wrongful death of J.M. pursuant to RSMo 537.080 *et. seq.* Plaintiff makes this claim both individually and on behalf all

persons with an interest in this matter as defined by the Missouri Wrongful Death Act.

54. Plaintiff makes a claim for all damages compensable under Missouri law, including those damages compensable pursuant to RSMo 537.090, which includes the pecuniary losses suffered by reason of his death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of J.M.'s death. Plaintiff likewise makes a claim for those damages J.M. suffered between the time of his injury and the time of his death.

## **PRAYER FOR RELIEF**

55. As a result of the negligence of the Defendant, Plaintiff, individually and on behalf of all parties with an interest in this matter as defined by RSMo 537.080, has sustained damages for the wrongful deaths of Dominique McGeachy and J.M. in the amount of Ten Million Dollars ($10,000,000.00).

**WHEREFORE**, plaintiff Michelle Smith, individually and on behalf of all parties with an interest in this matter as defined by RSMo 537.080, prays for judgment against United States of America for the death of Dominique McGeachy and J.M. for Ten Million Dollars ($10,000,000.00), for their costs and for all such further relief as the Court deems just and equitable.

**Respectfully submitted,**

 /s/Dustin L. Van Dyk
**DUSTIN L. VAN DYK, #23313**
**SUSAN R. GERING, #25582**
Palmer Law Group LLP
2348 SW Topeka Blvd.
Topeka, KS 66611-1286

dvandyk@jpalmerlaw.com
sgering@jpalmerlaw.com
(785) 233-1836 – Office
(785) 233-3703 – Facsimile
Attorney for Plaintiffs